UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | |
| v. | : | |
| | : | |
| ORAGE RUTHLEDGE, | : | |
| Defendant | : | |
| | : | |

### GOVERNMENT'S MOTION TO SEAL INDICTMENT AND RELATED MATTERS

*COMES NOW*, the United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully to ask this Honorable Court to seal the accompanying criminal indictment and all other records and files in this case, including this motion to seal and order granting it, and to delay entering on the public docket this motion and all related matters. In support whereof, we submit as follows:

(1) Defendant Ruthledge is the target of an on-going criminal investigation involving unlawful distribution of 50 grams or more of crack cocaine base, in violation of 21 U.S.C. § 841(a)(1). Sealing is needed because the indictment and other future filings include sensitive information, the disclosure of which is not in the interest of the government or the public.

(2) Police officers working on this case believe defendant is not aware of the criminal investigation, so disclosing the indictment and related records to the public could hinder efforts to arrest him. It also could endanger officers trying to do so, as well as confidential civilian witnesses who have assisted police. Accordingly, we believe it essential to keep secret any information about the defendant's pending indictment and prosecution until he is arrested.

(3) Based on the nature of the criminal investigation, the government submits that public disclosure of the indictment could compromise the investigation by: (1) placing at risk the safety of

the undercover agents, other police officials, and innocent third parties; (2) alerting defendant to the investigation; and (3) causing defendant and other possible targets to destroy documents and other evidence. Each of these factors is particularly important because violent reprisals are common among drug dealers.

(4) Individuals associated with criminal gangs commonly check public court record to see if the government has filed pleadings under seal in cases against their associates. Thus, public notice of the filing of sealed pleadings or proceedings, itself, can compromise related criminal and grand jury investigations, and presents a serious risk to the safety of police officers taking part in the investigation.

(5) Accordingly, we respectfully submit that these facts present an extraordinary situation and a compelling governmental interest which justify not only the sealing of the criminal indictment and all other records, and files in this case, but also a delay in the public docketing of the filing of these sealed pleadings and the accompanying order until:(1) the risk to the safety of cooperating individuals eases; and (2) the government states that it can continue its investigation without great

risk that it would be jeopardized by the public docketing of the filing of sealed pleadings. See Washington Post v. Robinson, 935 F.2d 282, 289 (D.C. Cir. 1991).

WHEREFORE, we respectfully pray this Honorable Court to grant this motion.

>Respectfully submitted,

>KENNETH L. WAINSTEIN
>UNITED STATES ATTORNEY
>D.C. Bar No. 451058

BY: _____

>Barry Wiegand
>Assistant United States Attorney
>D.C. Bar No.   424288
>Organized Crime and Narcotics Trafficking
>555 4th Street, N.W., Fourth Floor
>Washington, D.C. 20001
>(202) 514-7315
>(202) 514-8707 (fax)
>William.B.Wiegand@USDoJ.Gov